Melvin A. Brosterman (MB-5244)
James L. Bernard (JB-4273)
Joan S. Wharton (JW-3495)
STROOCK & STROOCK & LAVAN LLP
Attorneys for Defendants Delta Financial
Corporation, Sidney A. Miller, Hugh I. Miller,
Richard Blass, and Irwin Fein
180 Maiden Lane
New York, New York  10038-4982
(212) 806-5400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

MERIDIAN INVESTMENT CLUB,     :
WILLIAM RAMIREZ, and JONATHAN    :
LERNER,                                   :

               :     CV-99-7033 (DRH)
         Plaintiffs,         :

               :    **ANSWER WITH**
    - against -           :    **AFFIRMATIVE DEFENSES**

DELTA FINANCIAL CORPORATION, et al.,   :

               :
        Defendants.        :

---------------------------------------------------------X

       Defendants Delta Financial Corporation ("Delta Financial"), Sidney A. Miller,

Hugh I. Miller, Richard Blass, and Irwin Fein, by and through their attorneys, Stroock & Stroock

& Lavan, LLP, for their Answer to the Consolidated Class Action Complaint (the "Complaint"),

respond and allege as follows:

       1.     Admit the allegations contained in paragraph 1 of the Complaint.

       2.     Deny the allegations contained in paragraph 2 of the Complaint.

       3.     Deny the allegations contained in paragraph 3 of the Complaint.

       4.     Deny the allegations contained in paragraph 4 of the Complaint.

       5.     Deny the allegations contained in paragraph 5 of the Complaint.

6.     Deny the allegations contained in paragraph 6 of the Complaint, but admit that Delta Financial, through its subsidiaries, is a specialty consumer finance company that focuses on lending to individuals who generally do not qualify for conforming credit.

7.     Deny the allegations contained in paragraph 7 of the Complaint.

8.     Deny the allegations contained in paragraph 8 of the Complaint.

9.     Deny the allegations contained in paragraph 9 of the Complaint.

10.    Deny the allegations contained in paragraph 10 of the Complaint.

11.    Deny the allegations contained in paragraph 11 of the Complaint.

12.    Deny the allegations contained in paragraph 12 of the Complaint.

13.    Deny the allegations contained in paragraph 13 of the Complaint.

14.    Deny the allegations contained in paragraph 14 of the Complaint, but refer to the June 1999 New York State Attorney General's announcement and Delta Financial's settlement agreement with the New York State Attorney General for the statements made therein.

15.    Deny the allegations contained in paragraph 15 of the Complaint.

16.    Deny the allegations contained in paragraph 16 of the Complaint.

17.    Deny the allegations contained in paragraph 17 of the Complaint.

18.    Admit the allegations contained in paragraph 18 of the Complaint.

19.    Deny the allegations contained in paragraph 19 of the Complaint, but admit that venue is proper in this District.

20.    Deny the allegations contained in paragraph 20 of the Complaint.

21.    Deny the allegations contained in paragraph 21 of the Complaint.

22.    Deny the allegations contained in paragraph 22 of the Complaint.

-2-

23.     Deny the allegations contained in paragraph 23 of the Complaint as to Defendant Irwin Fein, but admit as to the other three individual Defendants.

24.     Admit the allegations contained in paragraph 24 of the Complaint.

25.     Admit the allegations contained in paragraph 25 of the Complaint.

26.     Paragraph 26 states a legal conclusion and, therefore, no response is required, but to the extent one is required, deny the allegations therein.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Paragraph 30 states a legal conclusion and, therefore, no response is required, but to the extent one is required, deny the allegations therein.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, deny same.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint, but refer to Delta Financial's 1997 SEC Form 10-K for the facts set forth therein.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

SSL-DOCS2 70031785v1
12/13/01 11:14am

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, deny same.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, deny same.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

53.     Deny the allegations contained in paragraph 53 of the Complaint, but refer to Delta Financial's Underwriting Guidelines for the statements made therein.

54.     Deny the allegations contained in paragraph 54 of the Complaint, but refer to Delta Financial's Underwriting Guidelines for the statements made therein.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.    Deny the allegations contained in paragraph 60 of the Complaint.

61.    Deny the allegations contained in paragraph 61 of the Complaint.

62.    Deny the allegations contained in paragraph 62 of the Complaint.

63.    Deny the allegations contained in paragraph 63 of the Complaint.

64.    Deny the allegations contained in paragraph 64 of the Complaint.

65.    Deny the allegations contained in paragraph 65 of the Complaint.

66.    Deny the allegations contained in paragraph 66 of the Complaint.

67.    Deny the allegations contained in paragraph 67 of the Complaint.

68.    Deny the allegations contained in paragraph 68 of the Complaint.

69.    Deny the allegations contained in paragraph 69 of the Complaint.

70.    Deny the allegations contained in paragraph 70 of the Complaint, but admit that a borrowers' failure to pay a mortgage loan may result in a foreclosure on the mortgage.

71.    Deny the allegations contained in paragraph 71 of the Complaint.

72.    Admit the allegations contained in paragraph 72 of the Complaint.

73.    Admit the allegations contained in paragraph 73 of the Complaint.

74.    Admit the allegations contained in paragraph 74 of the Complaint.

75.    Deny the allegations contained in paragraph 75 of the Complaint, but refer to Delta Financial's October 31, 1996 Prospectus for the statements made therein.

76.    Deny the allegations contained in paragraph 76 of the Complaint, but refer to Delta Financial's October 31, 1996 Prospectus for the statements made therein.

77.    Deny the allegations contained in paragraph 77 of the Complaint, but refer to Delta Financial's October 31, 1996 Prospectus for the statements made therein.

78.     Deny the allegations contained in paragraph 78 of the Complaint, but refer to Delta Financial's October 31, 1996 Prospectus for the statements made therein.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny the allegations contained in paragraph 80 of the Complaint, but refer to the November 26, 1996; December 5, 1996; December 10, 1996; and April 18, 1997 Dow Jones New Service reports for the statements made therein.

81.     Deny the allegations contained in paragraph 81 of the Complaint.

82.     Deny the allegations contained in paragraph 82 of the Complaint, but refer to the March 27, 1997 Delta Financial 1996 Annual Report to shareholders for the statements made therein.

83.     Deny the allegations contained in paragraph 83 of the Complaint, but refer to the March 27, 1997 Delta Financial 1996 Annual Report to shareholders for the statements made therein.

84.     Deny the allegations contained in paragraph 84 of the Complaint, but refer to the March 31, 1997 Delta Financial SEC Form 10-K for the year ended December 31, 1996, for the facts set forth therein.

85.     Deny the allegations contained in paragraph 85 of the Complaint, but refer to Delta Financial's April 24, 1997 announcement of financial results for the statements made therein.

86.     Deny the allegations contained in paragraph 86 of the Complaint, but refer to Defendant Hugh I. Miller's comments concerning the results in Paragraph 85 for the statements made therein.

-6-

87.     Deny the allegations contained in paragraph 87 of the Complaint, but refer to Delta Financial's July 29, 1997 announcement of financial results for the statements made therein.

88.     Deny the allegations contained in paragraph 88 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

89.     Deny the allegations contained in paragraph 89 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

90.     Deny the allegations contained in paragraph 90 of the Complaint, but refer to Delta Financial's October 28, 1997 announcement of financial results for the statements made therein.

91.     Deny the allegations contained in paragraph 91 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

92.     Deny the allegations contained in paragraph 92 of the Complaint, but refer to Delta Financial's February 18, 1998 announcement of financial results for the statements made therein.

93.     Deny the allegations contained in paragraph 93 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

94.     Deny the allegations contained in paragraph 94 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

95.     Deny the allegations contained in paragraph 95 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

96.     Deny the allegations contained in paragraph 96 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

-7-

97.      Deny the allegations contained in paragraph 97 of the Complaint, but refer to the March 10, 1998 Delta Financial 1997 Annual Report to shareholders for the statements made therein.

98.      Deny the allegations contained in paragraph 98 of the Complaint, but refer to the March 10, 1998 Delta Financial 1997 Annual Report to shareholders for the statements made therein.

99.      Deny the allegations contained in paragraph 99 of the Complaint, but refer to the March 31, 1998 Delta Financial SEC 1997 Form 10-K for the facts set forth therein.

100.     Deny the allegations contained in paragraph 100 of the Complaint, but refer to Delta Financial's April 28, 1998 announcement of financial results for the statements made therein.

101.     Deny the allegations contained in paragraph 101 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

102.     Deny the allegations contained in paragraph 102 of the Complaint, but refer to the May 5, 1998 Delta Financial press release for the statements made therein.

103.     Deny the allegations contained in paragraph 103 of the Complaint, but refer to Delta Financial's July 22, 1998 announcement of financial results for the statements made therein.

104.     Deny the allegations contained in paragraph 104 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

105.     Deny the allegations contained in paragraph 105 of the Complaint, but refer to the August 24, 1998 Baron's article for the statements made therein.

SSL-DOCS2 70031785v1
12/13/01 11:14am

106.     Deny the allegations contained in paragraph 106 of the Complaint, but refer to the August 24, 1998 Baron's article for the statements made therein.

107.     Deny the allegations contained in paragraph 107 of the Complaint.

108.     Deny the allegations contained in paragraph 108 of the Complaint, but refer to Delta Financial's October 21, 1998 announcement of financial results for the statements made therein.

109.     Deny the allegations contained in paragraph 109 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

110.     Deny the allegations contained in paragraph 110 of the Complaint, but refer to Delta Financial's January 12, 1999 announcement for the statements made therein.

111.     Deny the allegations contained in paragraph 111 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

112.     Deny the allegations contained in paragraph 112 of the Complaint.

113.     Deny the allegations contained in paragraph 113 of the Complaint, but refer to the January 18, 1999 Abbey, Gardy & Squitieri, LLP press release for the statements made therein.

114.     Deny the allegations contained in paragraph 114 of the Complaint, but refer to the January 19, 1999 The New York Times article entitled "Borrowers Beware – A Special Report; Suit Says Unscrupulous Lending Is Taking Homes From Poor" for the statements made therein.

115.     Deny the allegations contained in paragraph 115 of the Complaint.

116.     Deny the allegations contained in paragraph 116 of the Complaint.

-9-

117.    Deny the allegations contained in paragraph 117 of the Complaint, but refer to the February 1, 1999 public announcement of the Delta Financial Defendants for the statements made therein.

118.    Deny the allegations contained in paragraph 118 of the Complaint, but refer to the February 1, 1999 Delta Financial pre-earnings report for the statements made therein.

119.    Deny the allegations contained in paragraph 119 of the Complaint, but refer to the February 8, 1999 Barron's article for the statements made therein.

120.    Deny the allegations contained in paragraph 120 of the Complaint.

121.    Deny the allegations contained in paragraph 121 of the Complaint, but refer to Delta Financial's February 16, 1999 announcement of financial results for the statements made therein.

122.    Deny the allegations contained in paragraph 122 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

123.    Deny the allegations contained in paragraph 123 of the Complaint, but refer to the March 16, 1999 Delta Financial 1998 Annual Report to shareholders for the statements made therein.

124.    Deny the allegations contained in paragraph 124 of the Complaint, but refer to the March 16, 1999 Delta Financial 1998 Annual Report to shareholders for the statements made therein.

125.    Deny the allegations contained in paragraph 125 of the Complaint.

126.    Deny the allegations contained in paragraph 126 of the Complaint, but refer to Delta Financial's April 20, 1999 announcement of financial results for the statements made therein.

SSL-DOCS2 70031785v1
12/13/01 11:14am

127.    Deny the allegations contained in paragraph 127 of the Complaint, but refer to Defendant Hugh I. Miller's comments for the statements made therein.

128.    Deny the allegations contained in paragraph 128 of the Complaint, but refer to Delta Financial's settlement agreement with the New York State Attorney General for the statements made therein.

129.    Deny the allegations contained in paragraph 129 of the Complaint, but refer to Delta Financial's settlement agreement with the New York State Attorney General for the statements made therein.

130.    Deny the allegations contained in paragraph 130 of the Complaint.

131.    Deny the allegations contained in paragraph 131 of the Complaint, but refer to the August 19, 1999 announcement of the New York Acting Superintendent of Banks for the statements made therein.

132.    Deny the allegations contained in paragraph 132 of the Complaint, but refer to Delta Financial's settlement agreement with the New York State Department of Banking for the statements made therein.

133.    Deny the allegations contained in paragraph 133 of the Complaint, but refer to the New York State Attorney General's complaint for the statements made therein.

134.    Deny the allegations contained in paragraph 134 of the Complaint.

135.    Deny the allegations contained in paragraph 135 of the Complaint, but refer to Delta Financial's SEC Form 10-Q and Form 10-K's filed during the Class Period for the facts set forth therein.

136.    Deny the allegations contained in paragraph 136 of the Complaint.

-11-

137.    Deny the allegations contained in paragraph 137 of the Complaint, but refer to Delta Financial's settlement agreement with the New York State Attorney General for the statements made therein.

138.    Deny the allegations contained in paragraph 138 of the Complaint, but refer to Delta Financial's settlement agreement with the federal government for the statements made therein.

139.    Deny the allegations contained in paragraph 139 of the Complaint.

140.    Deny the allegations contained in paragraph 140 of the Complaint.

141.    Deny the allegations contained in paragraph 141 of the Complaint.

142.    Deny the allegations contained in paragraph 142 of the Complaint.

## COUNT I

### (Against All Defendants for Violations of Section 11 of the Securities Act)

143.    Repeat and reallege each of the responses to the allegations set forth in paragraphs 1-142 of the Complaint as if fully set forth herein.

144.    Paragraph 144 states a legal conclusion and, therefore, no response is required, but to the extent one is required, deny the allegations therein.

145.    Deny the allegations contained in paragraph 145 of the Complaint.

146.    Deny the allegations contained in paragraph 146 of the Complaint.

147.    Deny the allegations contained in paragraph 147 of the Complaint.

148.    Deny the allegations contained in paragraph 148 of the Complaint.

149.    Deny the allegations contained in paragraph 149 of the Complaint.

150.    Deny the allegations contained in paragraph 150 of the Complaint.

151.    Deny the allegations contained in paragraph 151 of the Complaint.

152.    Deny the allegations contained in paragraph 152 of the Complaint.

153.    Deny the allegations contained in paragraph 153 of the Complaint.

154.    Deny the allegations contained in paragraph 154 of the Complaint.

## COUNT II

### (Against All Defendants for Violations
### of Section 12(2) of the Securities Act)

155.    Repeat and reallege each of the responses to the allegations set forth in paragraphs 1-154 of the Complaint as if fully set forth herein.

156.    Paragraph 156 states a legal conclusion and, therefore, no response is required, but to the extent one is required, deny the allegations therein.

157.    Deny the allegations contained in paragraph 157 of the Complaint.

158.    Deny the allegations contained in paragraph 158 of the Complaint.

159.    Deny the allegations contained in paragraph 159 of the Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Complaint and, therefore, deny same.

## COUNT III

### (Against the Individual Defendants for
### Violations of Section 15 of the Securities Act)

161.    Repeat and reallege each of the responses to the allegations set forth in paragraphs 1-160 of the Complaint as if fully set forth herein.

162.    Paragraph 162 states a legal conclusion and, therefore, no response is required, but to the extent one is required, deny the allegations therein.

163.    Deny the allegations contained in paragraph 163 of the Complaint.

164.    Deny the allegations contained in paragraph 164 of the Complaint.

SSL-DOCS2 70031785v1
12/13/01 11:14am

## COUNT IV

### (Against the Delta Financial Defendants
### for Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5 Promulgated Thereunder)

165.   Repeat and reallege each of the responses to the allegations set forth in paragraphs 1-164 of the Complaint as if fully set forth herein.

166.   Deny the allegations contained in paragraph 166 of the Complaint.

167.   Deny the allegations contained in paragraph 167 of the Complaint.

168.   Deny the allegations contained in paragraph 168 of the Complaint.

169.   Deny the allegations contained in paragraph 169 of the Complaint.

170.   Deny the allegations contained in paragraph 170 of the Complaint.

171.   Deny the allegations contained in paragraph 171 of the Complaint.

172.   Deny the allegations contained in paragraph 172 of the Complaint.

173.   Deny the allegations contained in paragraph 173 of the Complaint.

## COUNT V

### (Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act)

174.   Repeat and reallege each of the responses to the allegations set forth in paragraphs 1-173 of the Complaint as if fully set forth herein.

175.   Paragraph 175 states a legal conclusion and, therefore, no response is required, but to the extent one is required, deny the allegations therein.

176.   Deny the allegations contained in paragraph 176 of the Complaint.

177.   Deny the allegations contained in paragraph 177 of the Complaint.

178.   Deny the allegations contained in paragraph 178 of the Complaint.

-14-

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This action is barred because it was commenced after the expiration of the statute of limitations applicable to each of the claims set forth in the Complaint.

### Second Affirmative Defense

As to those statements with respect to Defendant Delta Financial's financial condition, Defendants had no reasonable ground to believe, and did not believe, that there were any untrue statements or material omissions therein, and made a reasonable investigation thereof, as a result of which they had reasonable grounds to believe, and did believe, that the statements were true and that no material facts were omitted.

### Third Affirmative Defense

To the extent that the Complaint purports to state a claim or claims of fraud, it fails to do so with the particularity demanded by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act.

### Fourth Affirmative Defense

The individual Defendants Sidney A. Miller, Hugh I. Miller, Richard Blass, and Irwin Fein cannot be liable as a "controlling person" under Section 15(a) of the Securities Act of 1933 or Section 20(a) of the Securities Exchange Act of 1934 because (a) they did not exercise control over the operations in which the alleged misconduct occurred, and (b) they were not culpable participants in that conduct.

### Fifth Affirmative Defense

With respect to any act or omission for which the individual Defendants Sidney A. Miller, Hugh I. Miller, Richard Blass, and Irwin Fein may be allegedly liable as a controlling

-15-

person under Section 20 of the Securities Exchange Act of 1934, such Defendants acted in good faith and did not directly or indirectly induce or condone the acts or omissions alleged in the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants Delta Financial Corporation, Sidney A. Miller, Hugh I. Miller, Richard Blass, and Irwin Fein demand judgment (a) dismissing Plaintiff's Consolidated Class Action Complaint with prejudice; (b) awarding Defendants their reasonable costs and attorneys' fees sustained as a result of having to defend this suit; and (c) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      December 13, 2001

STROOCK & STROOCK & LAVAN LLP

By:    s/Melvin A. Brosterman
        Melvin A. Brosterman (MB-5244)
        Attorneys for Defendants Delta
        Financial Corporation, Sidney A.
        Miller, Hugh I. Miller, Richard
        Blass, and Irwin Fein
        180 Maiden Lane
        New York, New York  10038-4982
        (212) 806-5400

-16-