**SALANS HERTZFELD HEILBRONN
CHRISTY & VIENER**
John F. Cambria (JC-4098)
Jonathan G. Kortmansky (JK-5053)
620 Fifth Avenue
New York, New York 10022
(212) 632-5500

**COUNSEL FOR NATWEST SECURITIES
LIMITED, PRUDENTIAL SECURITIES INCORPORATED
AND U.S. BANCORP PIPER JAFFRAY, INC.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERIDIAN INVESTMENT CLUB, WILLIAM RAMIREZ, AND JONATHAN LERNER,<br><br>                              Plaintiffs,<br><br>                - against -<br><br>DELTA FINANCIAL CORPORATION, et al.,<br><br>                              Defendants. | Civ No. CV-99-7033 (DRH)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS NATWEST SECURITIES LIMITED, PRUDENTIAL SECURITIES INCORPORATED AND U.S. BANCORP PIPER JAFFRAY INC.** |

Natwest Securities Limited ("Natwest"), Prudential Securities Incorporated

("Prudential") and U.S. Bancorp Piper Jaffray Inc. ("Piper Jaffray") (collectively, Natwest,

Prudential and Piper Jaffray are referred to as the "Underwriter Defendants"), by their

undersigned attorneys, hereby answer the Consolidated Class Action Complaint (the

"Complaint") of Plaintiffs Meridian Investment Club, William Ramirez and Jonathan Lerner as

follows:

Deny knowledge or information sufficient to form a belief as to the truth of the

allegations made in the unnumbered introductory paragraph on pages 1 through 3 of the

Complaint, and aver that a proper review and investigation by Plaintiffs' counsel would lead to

366745.4

the conclusion that Plaintiffs and the members of the class they purport to represent cannot state any claim upon which can be granted as against the Underwriter Defendants.

## NATURE OF THE ACTION

1.      Admit that Plaintiffs purport to bring the action as alleged, and otherwise deny the allegations contained in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Deny the allegations contained in paragraph 3 of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

366745.4

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Admit that Plaintiffs purport to bring the action as alleged, and otherwise deny the allegations contained in paragraph 17 of the Complaint.

18.     Deny the allegations contained in paragraph 18 of the Complaint insofar as they state legal conclusions as to which no response is required.

19.     Deny the allegations contained in the first sentence of paragraph 19 of the Complaint insofar as they state legal conclusions as to which no response is required.  Deny the

-3-

allegations contained in the second sentence of paragraph 19 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

## PARTIES

21.     Deny the allegations contained in the first sentence of paragraph 21 of the Complaint.  Respectfully refer the Court to its order dated May 9, 2000, which speaks for itself, and deny any allegations contained in the second sentence of paragraph 21 of the Complaint that are inconsistent therewith.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admit that Delta Financial Corporation's ("Delta Financial") initial public offering of 4 million shares occurred on or about October 31, 2001.

23.     Admit that Plaintiffs refer in the Complaint to Defendants S. Miller, H. Miller, Blass and Fein as the "Individual Defendants," and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Respectfully refer Court to Delta Financial's Registration Statement, which speaks for itself, and deny any allegations contained in paragraph 24 of the Complaint that are inconsistent therewith.

25.     Admit that Plaintiffs refer in the Complaint to the Individual Defendants and Delta Financial as the "Delta Financial Defendants," and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Admit that Plaintiffs refer in the Complaint to Defendants Natwest Securities Limited, Prudential Securities Incorporated and U.S. Bancorp Piper Jaffray Inc. as the "Underwriter Defendants," and otherwise deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint, except admit that the Underwriter Defendants were the underwriters of Delta Financial's initial public offering, and further admit that the Underwriter Defendants conducted a reasonable due diligence investigation and did not know of and in the exercise of reasonable care and investigation could not have known of any alleged misstatements and/or omissions contained in the offering materials.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

30.     Admit that Plaintiffs purport to bring the action as a class action, but deny that this action may be properly maintained as a class action as alleged in paragraph 30.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

## NO STATUTORY SAFE HARBOR

36.     Deny the allegations contained in paragraph 36 of the Complaint.

## DELTA FINANCIAL'S UNDISCLOSED BUSINESS PRACTICES

**A.     The Sale of Fraudulent, Discriminatory, Illegal, And High-Cost Mortgages**

37.     Deny knowledge or information sufficient to forma belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

**1.     The Initial Loan Solicitation:  Reverse Redlining**

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 39 of the Complaint.  Respectfully refer Court to Delta Financial's Form 10-K dated December 31, 1997, which speaks for itself, and deny any allegations contained in the second, third and fourth sentences of paragraph 39 of the Complaint that are inconsistent therewith.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

-6-

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46, except refer the Court to Delta Financial's Form 10-K dated December 31, 1997, which speaks for itself, and deny any allegations contained in paragraph 46 that are inconsistent therewith.

**2.      The Approval Process:  Approval of High Cost Loans<br>for Homeowners Who Had No Ability to Repay**

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

-7-

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

3.      **Closing the Loan:  Using High-Pressure Sales Tactics to Close Loans Containing Excessive and Illegal Fees**

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

366745.4

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

**4.      Default and Foreclosure:  Unable to Meet The Costly Payments Of Their Delta Financial Loans, Homeowners Default Leaving Their Homes At Risk of Foreclosure**

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

**I.      The Registration Statement and Prospectus Issued In Connection With The IPO Was Materially False and Misleading**

72.     Admit the allegations contained in paragraph 72 of the Complaint.

73.     Respectfully refer Court to Delta Financial's Prospectus and Registration Statement, which speak for themselves, and deny the allegations contained in paragraph 73 of the Complaint which are inconsistent therewith, except admit that on the first day of trading Delta Financial's stock price traded above the initial public offering price.

74.     Deny the allegations contained in paragraph 74 of the Complaint, except admit that Delta Financial sold approximately 4 million shares of common stock in its initial public offering.

75.     Respectfully refers Court to the Prospectus, which speaks for itself, and deny any allegations contained in paragraph 75 of the Complaint that are inconsistent therewith.

-10-

76.     Respectfully refers Court to the Prospectus, which speaks for itself, and deny any allegations contained in paragraph 76 of the Complaint that are inconsistent therewith.

77.     Respectfully refers Court to the Prospectus, which speaks for itself, and deny any allegations contained in paragraph 77 of the Complaint that are inconsistent therewith.

78.     Respectfully refer Court to the Prospectus, which speaks for itself, and deny any allegations contained in paragraph 78 of the Complaint that are inconsistent therewith.

79.     Deny the allegations contained in paragraph 79 of the Complaint insofar as they state legal conclusions as to which no response is required, however, to the extent that Plaintiffs' statements contained in paragraph 79 of the Complaint are intended as factual allegations and not legal conclusions, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

## II.     Post-IPO False and Misleading Statements and Omissions

80.     Deny the allegations contained in paragraph 80 of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.     Respectfully refer Court to Delta Financial's 1996 Annual Report to shareholders, which speaks for itself, and deny any allegations contained in paragraph 82 of the Complaint that are inconsistent therewith.

83.     Respectfully refer Court to Delta Financial's 1996 Annual Report to shareholders, which speaks for itself, and deny any allegations contained in paragraph 83 of the Complaint that are inconsistent therewith.

366745.4

84.     Respectfully refer Court to Delta Financial's Form 10-K for the year ended December 31, 1996, which speaks for itself, and deny any allegations contained in paragraph 84 of the Complaint that are inconsistent therewith.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 90 of the Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97.     Respectfully refer Court to Delta Financial's 1997 Annual Report to shareholders, which speaks for itself, and deny any allegations contained in paragraph 97 of the Complaint that are inconsistent therewith.

98.     Respectfully refer Court to Delta Financial's 1997 Annual Report to shareholders, which speaks for itself, and deny any allegations contained in paragraph 98 of the Complaint that are inconsistent therewith.

99.     Respectfully refer Court to Delta Financial's Form 10-K for the year ended December 31, 1997, which speaks for itself, and deny any allegations contained in paragraph 99 of the Complaint that are inconsistent therewith.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

116.    Deny the allegations contained in paragraph 116 of the Complaint.

117.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint.

366745.4

123.    Respectfully refer Court to Delta Financial's 1998 Annual Report to shareholders, which speaks for itself, and deny any allegations contained in paragraph 123 of the Complaint that are inconsistent therewith.

124.    Respectfully refer Court to Delta Financial's 1998 Annual Report, which speaks for itself, and deny any allegations contained in paragraph 124 of the Complaint that are inconsistent therewith.

125.    Respectfully refer Court to Delta Financial's 1998 Form 10-K for the year ended December 31, 1998, which speaks for itself, and deny any allegations contained in paragraph 125 of the Complaint that are inconsistent therewith.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint.

366745.4

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Complaint.

135.    Respectfully refer Court to the public filings referred to in paragraph 135 of the Complaint, which speak for themselves, and deny the allegations contained in paragraph 135 of the Complaint that are inconsistent therewith.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint.

## III.    Post Class Period Events

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Complaint.

## IV.    Delta's Securitization of Loans

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint.

## COUNT I

### (Against All Defendants For Violations of Section 11 of the Securities Act)

143.    Reallege and incorporate their responses to paragraphs 1-142 of the Complaint as if fully set forth herein.

144.    Deny the allegations contained in paragraph 144 of the Complaint, except admit that Plaintiffs purport to bring this action as alleged.

145.    Deny the allegations contained in paragraph 145 of the Complaint.

146.    Deny the allegations contained in the first sentence of paragraph 146 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraphs (a-m) of paragraph 146 of the Complaint.

147.    Deny the allegations contain in paragraph 147 of the Complaint insofar as they state legal conclusions as to which no response is required.

148.    Deny the allegations contained in paragraph 148 of the Complaint, except admit that less than three years elapsed from the time that Delta Financial's initial public offering occurred and the date that Parnes v. Delta Financial et al., United States District Court, District of New York, Civ. No. 99-7033 was filed.

-18-

149.     Deny the allegations contained in the first sentence of paragraph 149 of the Complaint insofar as they state legal conclusions as to which no response is required, and deny the allegations contained in the second sentence of paragraph 149 of the Complaint.

150.     Deny the allegations contain in paragraph 150 of the Complaint insofar as they state legal conclusions as to which no response is required.

151.     Deny the allegations contained in paragraph 151 of the Complaint.

152.     Deny the allegations contained in paragraph 152 of the Complaint.

153.     Deny the allegations contained in paragraph 153 of the Complaint.

154.     Deny the allegations contained in paragraph 154 of the Complaint.

## COUNT II

**(Against All Defendants For Violations of
Section 12(2) of the Securities Act)**

155.     Reallege and incorporate their responses to paragraphs 1-154 of the Complaint as if fully set forth herein.

156.     Deny the allegations contained in paragraph 156 of the Complaint, except admit that Plaintiffs purport to bring this action as alleged.

157.     Deny the allegations contained in paragraph 157 of the Complaint, except admit that Delta Financial issued a prospectus in connection with the Registration Statement and initial public offering.

158.     Deny the allegations contained in paragraph 158 of the Complaint.

159.     Deny the allegations contained in paragraph 159 of the Complaint.

160.    Deny the allegations contained in paragraph 160 of the Complaint in so far as they state legal conclusions as to which no response is required.

## COUNT III

**(Against the Individual Defendants For
Violations of Section 15 of the Securities Act)**

161.    Reallege and incorporate their responses to paragraphs 1-160 of the Complaint as if fully set forth herein.

162.    Count III of the Complaint and the allegations of paragraph 162 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

163.    Count III of the Complaint and the allegations of paragraph 163 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

164.    Count III of the Complaint and the allegations of paragraph 164 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

## COUNT IV

**(Against the Delta Financial Defendants For
Violations of Section 10(b) of the Exchange Act
And rule 10b-5 Promulgated Thereunder)**

165.    Reallege and incorporate their responses to paragraphs 1-164 of the Complaint as if fully set forth herein.

-20-

166.    Count IV of the Complaint and the allegations of paragraph 166 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

167.    Count IV of the Complaint and the allegations of paragraph 167 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

168.    Count IV of the Complaint and the allegations of paragraph 168 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

169.    Count IV of the Complaint and the allegations of paragraph 169 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

170.    Count IV of the Complaint and the allegations of paragraph 170 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

171.    Count IV of the Complaint and the allegations of paragraph 171 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

172.    Count IV of the Complaint and the allegations of paragraph 172 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

366745.4

173.    Count IV of the Complaint and the allegations of paragraph 173 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

## COUNT V

**(Against the Delta Financial Defendants For
Violations of Section 10(b) of the Exchange Act
And rule 10b-5 Promulgated Thereunder)**

174.    Reallege and incorporate their responses to paragraphs 1-173 of the Complaint as if fully set forth herein.

175.    Count V of the Complaint and the allegations of paragraph 175 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

176.    Count V of the Complaint and the allegations of paragraph 176 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

177.    Count V of the Complaint and the allegations of paragraph 177 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

178.    Count V of the Complaint and the allegations of paragraph 178 of the Complaint are not directed at the Underwriter Defendants, either individually or collectively, and therefore no response is required.

366745.4

## GENERAL DENIAL

Except as otherwise expressly admitted in paragraphs 1 through 178 above, the Underwriter Defendants, both collectively and individually, deny each and every allegation of paragraphs 1 through 178 of the Complaint, including, without limitation, the headings and sub-headings contained in the Complaint, and specifically deny any liability to Plaintiffs or any member of the class that Plaintiffs purport to represent, or that Plaintiffs or any member of the class that Plaintiffs purport to represent has suffered any legally cognizable damage for which the Underwriter Defendants, either collectively or individually, are responsible.

## AFFIRMATIVE DEFENSES

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as against the Underwriter Defendants, either collectively or individually.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 11 and Section 12(a)(2) of the Securities Act are barred, in whole or in part, by the applicable statute of limitations and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 11 and Section 12(a)(2) of the Securities Act are barred, in whole or in part, because the Underwriter Defendants conducted reasonable due diligence and did not know – and in the exercise of reasonable care and investigation, including relying on expert opinions, could not have known – that the Registration Statement and the

-23-

Prospectus, and/or any other offering document, contained untruths, misleading statements, or omissions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs claims under Section 11 and Section 12(a)(2) are barred, in whole or in part, because there were no material misrepresentations or omissions in the Registration Statement or Prospectus.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 11 and Section 12(a)(2) are barred, in whole or in part, because Plaintiffs' damages were not caused by any alleged misrepresentations or omissions in the Registration Statement or Prospectus.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 11 and Section 12(a)(2) are barred, in whole or in part, on account of Plaintiffs' own unreasonable, reckless and/or inequitable conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs claims under Section 11 and Section 12(a)(2) are barred, in whole or in part, on account of Plaintiffs' own knowledge of any alleged misrepresentations or omissions in the Registration Statement or Prospectus.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 11 and Section 12(a)(2) of the Securities Act are barred, in whole or in part, to the extent they are based on purchases of Delta Financial common stock in the secondary market and not in Delta Financial's initial public offering.  Such claims

366745.4

are barred despite the allegation in the Complaint that Plaintiffs' shares are "traceable" to Delta Financial's initial public offering.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under Section 11 of the Securities Act are barred, in whole or in part, to the extent that they are based on purchases of Delta Financial common stock after the publication of Delta Financial's earnings statement for the twelve month period following the initial public offering.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs who did not purchase directly from one of the Underwriter Defendants in the initial public offering, or who were not directly and successfully solicited by one of the Underwriter Defendants during the initial public offering, have no claim against the Underwriter Defendants pursuant to Section 12(a)(2) of the Securities Act.

### ELEVENTH AFFIRMATIVE DEFENSE

The putative class cannot be certified and the action should be dismissed because: (1) the members of the putative class are not so numerous that joinder of all members is impracticable; (2) Plaintiffs' claims are not typical of the claims of the other members of the putative class; (3) common questions of law and fact do not exist as to all members of the putative class; (4) Plaintiffs will not fairly and adequately represent and protect the interests of the members of the putative class; (5) questions of law and fact common to members of the putative class do not predominate over questions effecting individual members of the putative class; and (6) a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

-25-

WHEREFORE, the Underwriter Defendants respectfully request that this Court enter a judgment: (i) dismissing the Complaint in its entirety; (ii) awarding Underwriter Defendants their costs and disbursements, including reasonable attorneys' fees; and (iii) awarding such other and further relief as this Court deems necessary and just.

Dated: New York, New York
      December 13, 2001

SALANS HERTZFELD HEILBRONN
CHRISTY & VIENER

By: s/ _____

John F. Cambria     [JC 4098]
Jonathan G. Kortmansky[JK 5053]
Attorneys for Defendants Natwest Securities
   Limited, Prudential Securities
   Incorporated and U.S. Bancorp Piper
   Jaffray Inc.
620 Fifth Avenue
New York, NY 10020
212-632-5500

366745.4